UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

BARBARA WHITE,

          Plaintiff,

vs.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

No. 12cv1027 EJM

ORDER

Plaintiff brings this action seeking judicial review of the Acting Commissioner's denial of her application for social security disability and supplemental security income benefits.[1] The briefing schedule concluded March 28, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of October 1, 2002, plaintiff alleges disability due to multiple impairments including primary biliary cirrhosis, fibromyalgia, migraines, chronic pain, degenerative arthritis, anxiety, depression, and sleep problems. She asserts the Administrative Law Judge (ALJ) failed to obtain proper expert testimony regarding her transferrable skills, erred in relying upon the opinions of non-examining physicians, and improperly dismissed the opinions of two treating physicians. Finally, she asserts the ALJ's residual functional capacity determination is not supported by substantial evidence. Accordingly, plaintiff

---

1. Plaintiff states that she has been approved for supplemental security income benefits in a subsequent application, and appeals her onset date in this matter.

asserts that the Acting Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include fibromyalgia, primary biliary cirrhosis, and right shoulder tendonopathy, T. 14, but further found she retained the residual functional capacity to engage in substantial gainful activity.

Upon review, it is the court finds that the ALJ failed to afford adequate weight to the views of plaintiff's longtime treating physician, Dr. McMullen. T. 405, 669-670, 742-746, 769. Additionally, the ALJ failed to afford adequate weight to the views of rheumatologist Dr. Palma, T. 502-507, 716. The views of these physicians, including as to fibromyalgia, are further supported by substantial treatment notes of physicians at the University of Iowa Hospitals and Clinics. Accordingly, the Acting Commissioner's decision is not supported by substantial evidence on the record as a whole, and this matter shall be reversed and remanded for further consideration of the views of Drs. McMullen and Palma. On remand, the Acting Commissioner may consider plaintiff's remaining claims,

including as to acquired skills and their transferability, as well as residual functional capacity.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

May 8, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT